UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALTHEA B.,<br><br>                   Plaintiff,<br><br>        v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                   Defendant. | Case No. 2:23-cv-429-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 7, Complaint.

On May 4, 2017, plaintiff filed an application for DIB, alleging a disability onset date of May 7, 2014. AR 264-65. Plaintiff met the insured status through June 30, 2020. AR 18. The claim was denied initially and upon reconsideration. On January 21, 2020, a hearing was conducted by Administrative Law Judge ("ALJ") Glenn Meyers. AR 33-66. On February 5, 2020 ALJ Meyers issued an unfavorable decision finding plaintiff not to be disabled. *See* AR 120. On August 28, 2020 the Appeals Council ("AC") vacated the decision and remanded the case. AR 120-21. On October 14, 2021 a second hearing

was held in front of ALJ Meyers. AR 791-820. On November 3, 2021 ALJ Meyers issued a second unfavorable decision finding plaintiff not to be disabled. AR 15-27. On January 19, 2023 the AC denied review. AR 1-3. Plaintiff filed this appeal. The ALJ found plaintiff to have the following severe impairments: Meniere's disease, right ear deafness, and obesity. AR 18. As a result, the ALJ found plaintiff to have the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with additional restrictions. AR 19. The ALJ found plaintiff could perform past relevant work as a chauffeur. AR 26.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

**1. Discrepancy between first and second decision**

Plaintiff challenges the ALJ's decision on the basis that the ALJ "issued inconsistent findings at step two." Dkt. 22 at 7-8. Specifically, plaintiff argues that the ALJ erred by not incorporating a finding into the RFC of the second opinion that was included in the RFC of the first opinion despite reviewing a nearly identical record. *Id*. Plaintiff provides no authority for this assignment of error except for a Seventh Circuit case that does not support the argument. *See id*. (citing *Lopez v. Barnhardt*, 336 F.3d 535 (7th Cir. 2003)). As no relevant authority was cited, and this court's review is "necessarily *limited to the final decision of the Secretary*" the Court finds that plaintiff has failed to show that the ALJ erred by not including a previous finding in the current RFC. *Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995) (emphasis in original).

   2. **Medical evidence**

Plaintiff argues that the ALJ did not base his decision to reject Dr. Gustafson's opinion on substantial evidence. Dkt. 22 at 8-9.

Plaintiff filed the claim on May 3, 2017. *See* AR 264-65. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJs provide 'specific

and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

On September 12, 2017, Dr. Julie A. Gustafson, M.D., Otolaryngologist, examined plaintiff and diagnosed her with Meniere's syndrome. AR 425-439. She completed a medical source statement where she opined that plaintiff's hearing, "particularly the fluctuation and the difficulty understanding speech in background noise, communicating with unilateral hearing, as well as need for face-to-face communication for best understanding speech" limits her work opportunities. AR 430.

She opined that plaintiff's speech would not be appropriate in any work where telephone work would be necessary or where significant background noise would make her voice less intelligible. *Id*. She opined that plaintiff does not have difficulty with hazard awareness or hyperacusis. *Id*. She also opined that plaintiff's balance disturbance would limit her ability to drive and perform multiple tasks but added that "[t]his would need to be addressed further with a specialist working with otogenic vertigo." *Id* at 430-432.

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

The ALJ determined Dr. Gustafson's opinion to be unpersuasive on the basis that (1) Dr. Gustafson "failed to provide specific vocational limitations to indicate the most [plaintiff] is capable of performing as a residual functional capacity is intended to capture," (2) Dr. Gustafson's opinion was internally inconsistent, and (3) plaintiff's activities of daily living contradicted Dr. Gustafson's statements. AR 24-25.

Plaintiff argues that the ALJ improperly determined that Dr. Gustafson "alluded to 'limitations'" because Dr. Gustafson "based her opinion on objective testing." Dkt. 22 at 9. "An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). The ALJ observed that Dr. Gustafson referred to limits to plaintiff's abilities without explanation of the degree of those limitations. AR 24. However, the ALJ erred by failing to incorporate the findings of the audiometry and tympanometry tests detailed by Dr. Gustafson. *See* AR 429, 431, 433-437; *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

The ALJ also found that the significant limitations determined by Dr. Gustafson were contradicted by the fact that Dr. Gustafson noted that plaintiff did well with amplification, a hearing aid, "the one-on-one interaction with the ability to lip-read in the quiet of the examination environment" and Dr. Gustafson found her speech to be very recognizable. AR 24-25. An internal inconsistency can serve as a proper reason for discounting a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

1   2001) (upholding ALJ's rejection of an internally inconsistent medical opinion). Here, the
2   ALJ did not explain how this is inconsistent with Dr. Gustafson's opinion that the
3   "fluctuation, . . . difficulty understanding speech in background noise, communicating
4   with unilateral hearing, as well as need for face-to face communication" would limit
5   plaintiff's work opportunities. *See* AR 30. Dr. Gustafson also specifically indicated that
6   although plaintiff's speech is "very recognizable," it would be limited in situations that
7   would make her speech less intelligible. *See* AR 430. Additionally, Dr. Gustafson noted
8   that plaintiff cannot use a hearing aid in her right ear as it has no useable hearing. AR
9   229. Therefore, the ALJ erred by not explaining how these notes are inconsistent with
10  Dr. Gustafson's opined limitations.
11         Finally, the ALJ discounted Dr. Gustafson's opinion as being inconsistent with
12  plaintiff's activities such as driving, occasionally caring for children, and teaching a
13  knitting class. AR 25. A plaintiff's participation in everyday activities indicating capacities
14  that are transferable to a work setting, or that are inconsistent with a medical
15  professional's opinion, may constitute a clear and convincing reason for discounting that
16  evidence. *See Morgan* 169 F.3d at 600.
17         In other sections in the ALJ's decision, the ALJ states driving is a dynamic task
18  made up of strategic and control decisions. AR 23. The ALJ also explained that
19  teaching a knitting class and caring for children contradict plaintiff's allegations
20  regarding her dizziness, balance issues, and impairments with communication. AR 22,
21  24. Yet, impairments with communication, and driving – are consistent with limitations
22  described in Dr. Gustafson's opinion – and none of the remaining examples cited by the
23  ALJ regarding plaintiff's daily activities are inconsistent with limitations identified in Dr.
24
25

Gustafson's opinion. The ALJ also does not clearly explain how plaintiff's ability to communicate in childcare or teaching would somehow undermine Dr. Gustafson's opinion that her hearing impediments limit her work opportunities and her driving. Therefore, the ALJ erred by not explaining how plaintiff's activities undermined Dr. Gustafson's opined limitations.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id* at 1052, 1054*; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

The ALJ did not include any limitations in the RFC as opined by Dr. Gustafson regarding plaintiff's limitations in communicating due to her hearing loss. Had the ALJ included this it may have resulted in a more restrictive RFC. This error in addressing Dr. Gustafson's opinion was not harmless.

**3. Ability to perform past work**

Finally, plaintiff challenges the ALJ's decision that plaintiff could perform her past work as a chauffeur, despite the vocational expert's testimony that restrictions in cellphone use could lead to termination in such a job. Dkt. 22 at 9. Plaintiff also challenges the ALJ's determination that plaintiff could perform past work as a gambling dealer despite the fact that the VE did not state that plaintiff could perform this job. *Id*. The ALJ did not find that plaintiff could perform work as a gambling dealer. Additionally,

because the Court has already determined that the ALJ erred in rejecting the opinion evidence of Dr. Gustafson, this case will be remanded and this issue will be addressed anew.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded. The Commissioner, on remand, shall conduct a de novo hearing and allow plaintiff to present additional evidence. The Commissioner is required to re-evaluate the medical evidence and proceed with the five-step review, to re-assess plaintiff's residual functional capacity.

Dated this 15th day of April, 2024.

Theresa L. Fricke
United States Magistrate Judge